## No. 15,591.

### McMILLIN ET AL. v. McMILLIN.
(158 P. [2d] 444)

Decided April 9, 1945. Rehearing denied May 7, 1945.

Mr. FELIX L. O'NEILL, for plaintiffs in error.

Mr. CHARLES E. HOLCOMB, Mr. PAUL F. IREY, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

IN this proceeding, Henry Leon McMillin, on behalf of his four-year-old son, Danny, filed a petition in the district court for a writ of habeas corpus, naming the child's mother, Annabelle McMillin, together with her mother and sister, as respondents. Herein, for convenience, Annabelle will be designated as respondent.

It appears from the record that petitioner and respondent were formerly domiciled in Michigan, where there were numerous matrimonial difficulties and where respondent first sought the aid of the court. Petitioner

was inducted in the United States army and subsequently brought action for divorce, in which respondent appeared and was represented by counsel. With both parties so represented an order was entered on the 17th day of August, 1944, in which the court made findings that respondent was an unsuitable person to have the care, custody, control and education of their minor child, Danny Leon McMillin; that respondent had disregarded an order of that court and violated a promise made in open court not to remove the custody of the child beyond the jurisdiction of the court, and ordered that the care, custody, control and education of the minor child be awarded to petitioner, and that while he was in the military service the child be placed in and remain at the home of its paternal grandparents until further order of the court. Thereafter and on the 22d day of September, 1944, a decree of divorce was entered in favor of petitioner, in which decree it was directed that the custody of the minor child remain as provided in the prior order, but without any finding as to the fitness or character of respondent.

Upon the entry of the final decree petitioner, having obtained military leave, found respondent and the child in Denver and instituted this proceeding wherein service was made on the 26th day of September, 1944, returnable the day following. Over objection of respondent's counsel the matter was set for hearing forthwith upon the return day for taking the testimony of petitioner because of the necessity of his reporting for military duty, and it was then continued for further showing by respondent. The court, after hearing testimony of petitioner and becoming advised as to the order and decree of the Michigan court, ruled that under the full faith and credit clause of the Federal Constitution the court was bound by the divorce decree of the Michigan court and ordered stricken all evidence as to matters occurring prior to the decree. The court further ruled that since no attack had been made on the

character of respondent by petitioner, and no finding made thereon in the divorce decree, her character and fitness to have custody of the child were not involved in the proceeding and rejected testimony relating thereto. No evidence was proffered by respondent tending to show lack of jurisdiction of the Michigan court or fraud therein or any change of situation since the date of the decree of divorce, and no showing, except by inference, of the establishment by respondent of domicile in Colorado. On this record the court found the issues in favor of petitioner, sustained the award of custody of the minor to petitioner and in his parents during his military service as provided in the Michigan decree, and granted the writ of habeas corpus.

Error is assigned in that the Colorado court held itself bound to recognize the decree of the Michigan court under the full faith and credit clause of the Federal Constitution without considering the primary and controlling issue, namely, the welfare of the child, when, it is urged, the child was lawfully domiciled in Colorado at the time the Michigan court awarded custody to petitioner, and the latter court thereby lost jurisdiction and its decree was void.

■■■ The Michigan court had jurisdiction over both respondent and the child in the divorce proceeding, since all were domiciled and present in that state when the action was begun and respondent appeared and was represented by counsel therein. This jurisdiction included not only the issue of divorce, but of support and custody as well. We think the better rule is that, jurisdiction once having attached was not divested by any change of domicile as to the final decree of divorce and the award of custody in that decree. *State v. Rhoades*, 29 Wash. 61, 69 Pac. 389. Beale, Conflict of Laws, vol. 2, p. 717, §144.3. The child became thereby the ward of the court. *McGonigle v. McGonigle*, 112 Colo. 569, 151 P. (2d) 977. Such an award of custody by a court having jurisdiction should be recognized by

other states and the facts upon which the award was based held res judicata. Beale, supra, p. 719, §147.1; *Groves v. Barto,* 109 Wash. 112, 186 Pac. 300; *In re Jiranek,* 47 N.Y.S. (2d) 625; *Cook v. Cook,* 135 F. (2d) 945; *Jones v. McCloud,* 19 Wash. (2d) 314, 142 P. (2d) 397; Restatement of the Law—Conflict of Laws, §147. The forum of the domicile where the parties are known, where the matrimonial difficulties occurred, and where the evidence is available, is most likely to make just decision of such issues, and it promotes neither justice nor respect for the courts to permit a spouse in prospect of an unfavorable decision to find sanctuary in another jurisdiction where adverse evidence is not available and the other spouse may not be able to appear.

■ After a final decree in divorce, either party may change domicile at will; the child's domicile then changes with that of the parent in whose custody he has been placed and the court of new domicile has jurisdiction over proceedings as to custody. After such change of domicile we have held that any modification of the provisions of the final decree as to custody by the court of the former domicile is without extraterritorial effect in Colorado. *People ex rel. v. Torrence,* 94 Colo. 47, 27 P. (2d) 1038, and *Hodgen v. Byrne,* 105 Colo. 410, 98 P. 1000. But we are not now confronted with that situation. Here it is the final decree of divorce, and not a subsequent modification, which awards custody to petitioner and upon which he relies.

■ ■ It is true, as urged by respondent's counsel, that the primary and controlling issue is the welfare of the child, but that issue was considered and determined by the Michigan court and cannot and should not be readjudicated here. It further is true that our Colorado court has jurisdiction as parens patriae to protect any child within its borders, notwithstanding its residence elsewhere, and in a habeas corpus proceeding for custody of a child, even before our Rules of Civil Procedure abolished the special forms of pleading and writs, the

jurisdiction of the court was broader than the terms of the writ and the proceeding held equivalent to a suit in equity for the maintenance and custody of the child when the facts presented required its protection. *Graham v. Francis,* 83 Colo. 346, 265 Pac. 690. However, such jurisdiction should never be exercised except when necessary for the good of the child (*Cameron v. Wissbeck,* 66 Cal. App. [2d] 884, 153 P. [2d] 385), and the instant proceeding is not predicated on the protection of the child's welfare, but on the conflicting claims of the parents. So far as the court is advised, the state would not be justified in asserting control over the child if found in the custody of either parent.

The decree of custody by the Michigan court is, of course, conclusive only as to facts existing at the time of its entry, and where subsequent changes have occurred the courts of this state may examine any facts which have taken place thereafter throwing light upon the welfare of the child as a basis for changing rights of custody. Here, however, the proceeding was brought within a few days after entry of the Michigan decree and no change of situation was shown. Further, our courts should not take jurisdiction to change an award of custody by a sister state except where the minor is domiciled in this state (*Jones v. McCloud, supra*), or it becomes necessary for the protection of the child. Such domicile is not here shown, the protection of the child is not involved, and the Michigan decree is controlling.

In view of our conclusion and that of the trial court herein, there was no prejudicial error in refusal of further continuance for hearing below. All testimony of petitioner was stricken and the case stood submitted on the final decree of divorce and custody of the Michigan court. We have carefully reviewed and considered the offers of proof and suggestions of respondent's counsel in his brief as to evidence which he believes to be obtainable. If received, it would be of no avail.

The judgment is affirmed.