No. 19,764.

In the Matter of the Petition of Robert Lee Kraudel for a writ of Habeas Corpus *v*. Gloria Faye Kraudel Benner.

(366 P. [2d] 667)

Decided December 4, 1961.

Mr. David Hahn, for plaintiff in error.

Mr. George A. Hinshaw, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Hall.

Plaintiff in error, Robert Lee Kraudel, was the petitioner in the trial court seeking a writ of habeas corpus to obtain custody of Kenneth Lee Kraudel, the eight year old son of said petitioner and the defendant in error, Gloria Faye Kraudel Benner, respondent in the habeas corpus proceeding. We refer to the parties as the "father" and the "mother."

The following pertinent events occurred prior to the commencement of this action in the district court.

The parties were married in Denver in 1952. At that time the father was a member of the Armed Forces. The child, Kenneth, was born of the marriage in 1953. Upon the father's separation from the service, following the birth of Kenneth, the parties and Kenneth moved to Illinois, where the father and his parents had lived prior to his entering the Armed Forces.

A marital rift developed and the mother became ill. As a result of this rift and her illness the parties decided to temporarily separate. The mother, accompanied by Kenneth, returned to her parents in Colorado in December 1956.

In March 1957, the paternal grandfather of Kenneth came from Illinois to Colorado and returned Kenneth to Illinois.

In January 1958, the father obtained a divorce on the grounds of desertion from the mother in the Circuit Court of Jackson County, Illinois, and, as a part of the decree, was awarded the custody of Kenneth, with visitation rights to the mother.

Kenneth remained in Illinois in the custody of the father until June 1960, at which time the mother, having remarried, filed her motion in the Illinois court requesting modification of the decree in the divorce case to provide that the custody of Kenneth be awarded to her; or, in the alternative, for an order vacating the decree, urging as grounds therefor that the father had obtained the decree by fraud and false swearing.

Hearing was had on this motion, at which both parties appeared in person and by counsel. At the close of the hearing the Illinois Court modified the decree by awarding custody of Kenneth to the mother for the summer months and to the father for the remainder of each year, with visitation rights in each party while the child was in the custody of the other party.

Following the modification of the decree, and conform-

ably therewith, the mother brought Kenneth from Illinois to Colorado, to remain with her for the summer months of 1960.

At the end of the summer the father came to Colorado to return Kenneth to Illinois for the school year. The mother refused to surrender Kenneth; whereupon this habeas corpus proceeding was commenced.

After taking testimony and hearing arguments of counsel, the trial court found that the Illinois divorce decree was obtained by the father through fraud; that the custody of Kenneth was awarded to the father by fraud on his part; that the mother was not accorded due process of law, and that it was in Kenneth's best interest to reside with his mother. In keeping with these findings, the trial court denied the petition and discharged the writ of habeas corpus, leaving Kenneth in the custody of the mother.

Subsequently, the mother moved the trial court for the allowance to her of attorney fees and costs in both the trial court and also in this court. These motions were denied by a successor to the trial judge who had heard and entered judgment in the habeas corpus proceeding.

The father urges as grounds for reversal that:

(1) The mother did not prove that the divorce decree, as modified, was void under the laws of Illinois, and therefore it is entitled to full faith and credit in Colorado.

(2) All questions of alleged fraud in obtaining the decree were in issue in the Illinois divorce case and were or could have been adjudicated only by the Illinois court and are res judicata in Colorado.

(3) There was insufficient evidence to warrant a finding by the trial court that a change in the circumstances of the parties justified a change in the rights to custody of Kenneth.

The mother, by way of alleged cross-error, complains of that portion of the judgment which denied her motion

for attorney fees and costs incurred by her in the trial court and also in this court.

The first question presented is whether the Illinois decree is entitled to full faith and credit in Colorado? ▪ Generally speaking, the valid judgments and decrees of courts of record in other states, if properly exemplified and authenticated, are admissible and recognized in this state. The reasons for and desirability of such doctrine, aside from constitutional mandate, are quite obvious.

It has been and still is the rule of decision in Colorado, that an award of custody made by a court of a sister state having jurisdiction will be recognized in Colorado under the long established custom of comity among the sovereign states of the country, It naturally follows that the facts upon which such adjudication was made are *res judicata* here. We said in *McMillin v. McMillin,* 114 Colo. 247, 158 P. (2d) 444:

" * * * The forum of the domicile where the parties are known, where the matrimonial difficulties occurred, and where the evidence is available, is most likely to make just decision of such issues * * * ."

See, also, *Evans v. Evans,* 136 Colo. 6, 314 P. (2d) 291. ▪ Equally well established is the rule that when a child from another state becomes domiciled in Colorado, and there is a material change in the circumstances of the divorced parents which would justify modification of the rights to custody of the child, the Colorado courts have and do take jurisdiction of the custody proceedings and enter appropriate orders based on conditions as they then appear. In such a case we have held that the custody provisions of a decree rendered by the court of former domicile is subject to modification in Colorado if there be a change in conditions arising after the decree in the foreign state, which could not have been considered by that court in making the award. *People ex rel. Wagner v. Torrence,* 94 Colo. 47, 27 P. (2d) 1038;

*Hodgen v. Byrne,* 105 Colo. 410, 98 P. (2d) 1000, and *Evans v. Evans,* supra.

The mother claims that this case comes within the "changed circumstances" rule, as outlined in the foregoing cases. We do not agree. The record shows that at the time the Illinois decree was entered, the father and Kenneth (probably the mother too) were domiciliaries of Illinois. Kenneth resided with the mother in Colorado only for the 1960 summer months under the terms of the modified Illinois decree. She elected to disregard this decree by refusing to deliver Kenneth to the father for the school year in Illinois. At that time the child should have been in Illinois with his father under the decree of a court of general jurisdiction in that state. The record contains no evidence of change in circumstances after modification of the Illinois decree.

The mother insists that the Illinois decree should not be recognized in Colorado because personal service of process was not made upon her in the action. This claim is made by her with particular reference to the custody provisions of the decree.

We find no merit in the contention. For aught that is disclosed by the record the mother was a resident of Illinois, temporarily residing in Colorado at the time of service of process upon her. The trial court made no finding that she was not domiciled in Illinois at the time of the divorce proceedings. Service of process upon the mother was effected by publication and mailing under Illinois practice and procedure. The record shows that she had actual notice of the pendency of the divorce action, but chose not to appear or to contest it.

It was held in *Milliken, et al v. Meyer,* 311 U. S. 457, 85 L. Ed. 283, that:

" * * * Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service * * *. Its adequacy so

far as due process is concerned is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. If it is, the traditional notions of fair play and substantial justice implicit in due process are satisfied * * * ."

The mother has cited no authority here, nor called to our attention sufficient facts to substantiate her claim that service of process upon her in the divorce action was invalid.

■ It was almost two and a half years after the divorce decree was entered by the Illinois court that the mother appeared therein and moved that court to modify the custody provisions, or to vacate the decree. She then made no attack upon the jurisdiction of the court, and her remarriage is predicated on the validity of the Illinois divorce. Having invoked the aid of that court by seeking the custody of Kenneth, she is now in no position to question the court's jurisdiction over her person.

■ The issue of alleged fraud in the procurement of the divorce decree either was, or could have been, litigated in the Illinois court where it was raised by the mother. The disposition made of that issue in Illinois is *res judicata* in Colorado.

■ The mother failed to surrender Kenneth as provided in the modified decree which she had obtained in the Illinois court, and thereby provoked the habeas corpus proceeding instituted in Colorado by the father. In this situation, to award the mother her attorney fees and costs incurred in the trial court, or in this court, would be to reward her for defying constituted authority and would not be proper.

The judgment is reversed, and the cause remanded with directions to the trial court to order the immediate return of Kenneth Lee Kraudel to his father, Robert Lee Kraudel, in compliance with the Illinois decree, as modi-

fied. The order denying attorney fees and costs is affirmed. Costs in this court shall be borne by the party who incurred them.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ concur.