No. 20881.

G. Edwin Lynn, et al. *v.* The People of the
State of Colorado, et al.
(406 P.2d 96)

Decided October 4, 1965.

ROBERT G. FREDRICKSON, for plaintiffs in error.

LATTIMER & ROBB, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

EUNICE LYNN filed in the district court for the County of Fremont in the State of Colorado a petition for a writ of habeas corpus, naming as the respondents therein her ex-husband, G. Edwin Lynn, and his parents, Carl and Rachel Lynn. In this petition Eunice alleged that she obtained a final decree in divorce from Edwin on April 16, 1963 in the superior court for the County of Maricopa in the State of Arizona and that in connection therewith she was awarded by that court the custody and control of the three minor children of the parties. Eunice then went on to allege in her petition that contrary to the aforementioned custody order of the Arizona court the respondents actually had these three minor children in their physical control and possession. Eunice then asked that a writ of habeas corpus issue commanding the respondents to produce the three children in open court and that at such time the children should then be delivered over to her.

The trial court issued a writ of habeas corpus, as prayed for, and in due time the respondents filed a return thereto. Thereafter a full hearing was held on May 24, 1963 in connection with the various matters then in controversy, and at the conclusion of this hear-

ing the trial court entered a judgment making the writ permanent and ordered that the three minor children of Eunice and Edwin Lynn be turned over to Eunice. A stay of execution of this judgment was denied; whereupon Eunice and the children returned to the State of Arizona. By this writ of error Edwin now seeks reversal of the aforementioned judgment.

The following is a chronology of the significant dates and facts which form the basis for the resolution of the present controversy:

1. Eunice and Edwin were married in 1952 and became residents of the State of Arizona in 1956;

2. in July 1960 Eunice filed in the superior court for the County of Maricopa in the State of Arizona an action wherein she sought a divorce from her husband, Edwin, on the grounds of cruelty and she also asked for the custody of their two minor children;

3. Edwin was personally served in Arizona with a copy of the complaint and summons in the aforementioned divorce proceeding;

4. thereafter the parties reconciled their differences, at least temporarily, and as the result thereof a third child of the parties was born on May 22, 1961;

5. on or about January 1, 1963 Edwin after driving his wife to a local beauty parlor, proceeded to forthwith leave the State of Arizona with his three children and he and his children went to Canon City, Colorado, where Edwin had been raised and where his parents still resided;

6. on or about January 14, 1963 Eunice in the same divorce proceeding which she had previously instituted in the superior court in the County of Maricopa in the State of Arizona in July 1960 — the action never having been dismissed — filed a supplemental complaint which was personally served on Edwin in Canon City, Colorado, on January 17, 1963;

7. in this supplemental complaint Eunice acknowledged that she and Edwin "cohabited as husband and

wife for a period of time" after the institution of the earlier action for divorce, but that "the defendant resumed cruel treatment, excesses and outrages toward the plaintiff of the same nature and character as that alleged in . . . . [her] earlier complaint";

8. in the supplemental complaint Eunice again prayed for a divorce from Edwin and also sought custody of all three children; and

9. on April 16, 1963 Eunice was granted a non-contested decree in divorce as well as the custody of their three children, Edwin not appearing or otherwise contesting her claim for relief.

Edwin's contentions in this court are two: (1) the trial court erred in holding that the Arizona decree of April 16, 1963 was valid and thus entitled to recognition in Colorado, particularly as such related to the custody of their youngest child who was born at a time *subsequent* to the institution by Eunice of her action for divorce in July of 1960; and (2) the trial court erred in failing to find "a material change in the circumstances of the parties which would justify a modification of custodial rights as determined by the Arizona Superior Court." Neither of these positions is well taken, and hence the judgment must be affirmed.

It is agreed that as of July 1960 the superior court for the County of Maricopa in the State of Arizona had jurisdiction over both Eunice and Edwin and their two children. The subsequent reconciliation of the parties and the conditional condonation, if such there was, did not abate the earlier divorce proceeding nor did it otherwise oust that court of its jurisdiction over the parties to that proceeding. See 17 Am. Jur. pp. 250-251 and 32 A.L.R.2d 119. Nor does the fact that the youngest child of the parties was born on May 22, 1961 in anywise alter the situation. Thus, as of the date of the divorce decree, *i.e.,* April 16, 1963, the Arizona court still having jurisdiction over both Eunice and Edwin, it also had jurisdiction to make such award

of the custody of their three minor children as the facts and circumstances indicated would be to the children's best interests, and the fact that some three months previously Edwin had spirited the three children from Arizona to Colorado is of no legal significance.

It has been and still is the rule in Colorado that an award of custody of minor children made by a court of a sister state having jurisdiction to so do will be recognized in Colorado under the long established custom of comity among the sovereign states of this country. See *Kraudel v. Benner,* 148 Colo. 525, 366 P.2d 667 and *McMillin v. McMillin,* 114 Colo. 247, 158 P.2d 444.

It is equally well-established that when a child from another state becomes domiciled in Colorado, and there is a material change in the circumstances of the divorced parents which would justify a modification of the rights to custody of the child, the Colorado courts have and do take jurisdiction of the custody proceedings and enter appropriate orders based on the conditions as they then exist. See *Kraudel v. Benner, supra.* Suffice it to say that in the instant case, however, there are no such changed circumstances as would justify any modification by the Colorado courts of the Arizona custody award.

The judgment is therefore affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE MOORE concur.