No. 24548.

JUANITA PHYLLIS WILSON *v.* LERAY CAMERON WILSON,
A/K/A LARRY WILSON.
(474 P.2d 789)

Decided September 28, 1970.

HOYMAN & STARLIN, JAMES I. SHEPARD, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS writ of error is directed to an order of the Denver District Court awarding custody of a minor child.

Plaintiff in error, herein referred to as the mother, obtained an order of custody of her minor daughter, Lori, in the Circuit Court of the County of Clackamas, State of Oregon, in connection with a divorce proceeding in which the marriage of the parties was dissolved. The mother had then moved to the State of Washington and the father, who is defendant in error, moved to the State of Colorado.

Upon being advised that his daughter was not being properly cared for, the father brought the child to Colorado without the consent of the mother. The mother then commenced habeas corpus proceedings in the Denver District Court to obtain the return of her daughter. The father filed a return to the writ of habeas corpus which alleged, among other things: that the mother was unfit to have the custody of the child; that the child had been generally neglected by the mother; that there was presently a warrant for the arrest of the mother outstanding in Portland, Oregon; and that a return of the child to the mother's custody would be contrary to the best interests of the child and would subject the child to imminent danger insofar as the child's safety, health, morals and reasonable comfort was concerned. The return re-

quested that the court exercise its broad equity powers and grant custody of the child to the father.

The mother challenged the court's jurisdiction to entertain a change of custody in habeas corpus proceedings. A hearing was held, after which the court concluded as a matter of law that under the doctrine of *parens patriae* it had jurisdiction for such purposes. A hearing on the merits of the petition and the return was set for September 22, 1969. On the morning of September 22, counsel for the mother moved for a continuance for the reason that the mother had been arrested and placed in the Spokane County, Washington jail on forgery charges and therefore could not be present for the hearing. The motion was opposed by the father who had brought a witness from the State of Washington to Denver to testify at the habeas corpus hearing. The court denied the continuance and the evidentiary hearing was held.

The court found: that the mother was incarcerated in jail in Spokane, Washington, on a charge of first degree forgery; that she had not properly cared for the child; that she was not a fit and proper person to have custody of the child; that there had been a change of circumstances and conditions since the initial award of custody to the mother, which adversely affects the health, welfare and well-being of the child so that it would not be in the best interests of the child to remain in the mother's custody; that the father was a fit and proper person to have custody; and that the best interest, health, welfare and well-being of the child would best be served by awarding custody to the father. Accordingly, the court granted custody to the father. It is to review this order that the writ of error is directed.

The mother urges two major grounds for reversal: first, that the court could not alter the custody award of a sister state unless the child became domiciled in Colorado and there was a substantial change in circumstances since the original custody award; and, second, that the findings were not supported by substantial evidence.

 Concerning the first contention, it is true that in the ordinary case, absent an emergency situation affecting the immediate needs and welfare of the child, an award of custody of a minor child domiciled in another state, made by a court having jurisdiction to do so, will be recognized under the long-established custom of comity among the several states. *Lynn v. People,* 158 Colo. 282, 406 P.2d 96. However, this Court has recognized that under the doctrine of *parens patriae,* where an emergency exists concerning the immediate needs and welfare of a child within this State, our courts may, in such circumstances, enter custodial orders for the protection of such child, notwithstanding the child's domicile elsewhere and the existence of otherwise valid orders to the contrary theretofore entered in a sister state having jurisdiction of the parties. *See, e.g., Brouwer v. District Court of First Judicial Dist.,* 169 Colo. 303, 455 P.2d 207; *Fahrenbruch v. People ex rel. Taber,* 169 Colo. 70, 453 P.2d 601; *McMillin v. McMillin,* 114 Colo. 247, 158 P.2d 444; *Graham v. Francis,* 83 Colo. 346, 265 P. 690. Such power may be exercised not only in ordinary custody proceedings, but also in habeas corpus proceedings as were pending in the present controversy. *McMillin v. McMillin, supra; Graham v. Francis, supra.* Although the powers of the court are broad in this area, they should never be exercised except when necessary for the protection of the child. Their use should not be predicated upon the mere desires and conflicting claims of the contesting parents concerning custody of the child whose concerns are before the court. *McMillin v. McMillin, supra.*

 Here, without detailing the sordid factual situation concerning neglect and parental fitness, the court concluded an emergency existed regarding the custody of the child. At the time of the hearing, the child's mother had effectively rendered herself incapable of caring for the child, having been confined in jail for alleged criminal activity, and the trial court was justified in invoking

its powers under the doctrine of *parens patriae* for the protection of the child in these circumstances.

■ Concerning the second matter, we find ample competent evidence in the record to support the findings of the court concerning the neglect of the child, unfitness of the mother, and other matters which required, in the opinion of the court, a change of custody to serve the best interests of the child.

■■ Among other alleged errors charged to the trial court, the mother claims the court abused its discretion in denying her motion for continuance. We observe that no showing was made when — if at all — the mother would be able to attend court. Under all the circumstances then existing, we find no abuse of discretion in denying the motion for continuance. Nor do we find any error in the court's refusal to award attorney's fees to the mother to enable her to pursue her petition for habeas corpus.

The judgment is affirmed.