## No. 24684.

LETHA JUNE MACMILLAN *v.* ALBERT T. MACMILLAN.
(482 P.2d 107)

Decided March 8, 1971.    Rehearing denied March 29, 1971.

MELLMAN, MELLMAN and THORN, P.C., GERALD N. MELL-MAN, for plaintiff in error.

LONG, JAUDON & JOHNSON, FRANK L. McGUANE, JR., for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS appeal arises from a habeas corpus action commenced in the Denver district court by a father, Albert

MacMillan, to obtain custody of the two minor children of the parties from the mother, Letha MacMillan.

The mother was granted a decree of divorce in the district court of Lancaster County, Nebraska, in 1965. By a stipulation of the parties incorporated into the decree, the mother was granted custody of the two children; and the father was granted specific visitation rights each summer and every other weekend. In 1965, the father petitioned the court for custody alleging that the mother had been guilty of conduct which was not in keeping with the best interests of the children, including denial of the father's visitation rights. This first petition was denied, but the court ordered the mother not to remove the children from their then domicile in Topeka, Kansas, without advising both the father and the court. The mother moved with the children to Denver in defiance of the court order. Thereafter, in December, 1969, when the father determined the whereabouts of the children, he again filed a petition in the Nebraska court seeking change of custody to him. The mother did not appear in person at the hearing on the petition nor was she represented by counsel. She had, however, been notified of the hearing by personal service in Denver and had contacted counsel in Nebraska by phone concerning the summons.

In its findings of fact, the Nebraska court determined that the mother had, since the 1965 hearing, continued to conduct herself in violation of the court order and in a manner not in keeping with the best interests of the children. It found further that by such conduct the mother had shown she was no longer a fit and proper person to have custody of the children. The court found that the father was a fit and proper person to have custody of the children, and ordered custody transferred to him.

On March 17, 1970, the father obtained a writ of habeas corpus in Denver district court in an effort to obtain custody pursuant to the 1969 Nebraska court order. At the

hearing pursuant to the writ, the Denver district court ruled that the Nebraska court had jurisdiction to make the change of custody order and that the order should be enforced in Colorado under the doctrine of comity among the states. The court ruled further that there had been no showing of material and substantial change in the circumstances since the Nebraska order.

We affirm the judgment of the district court making the writ of habeas corpus absolute.

The mother argues the following points of error: (I) Notice to her of the Nebraska custody modification proceeding was not legal; (II) The Nebraska court lacked jurisdiction to modify the custody of the children; and (III) The change of custody ordered by the Nebraska court was not binding on the Denver district court.

I.

On the question of the legality of the notice given the mother on the 1969 custody hearing it is argued that the summons was issued by the district court of Lancaster County, Nebraska, rather than by the Separate Juvenile Court, to which the case had been transferred in 1965. This point is without merit. The procedure followed by the Nebraska court was correct. The petition to modify custody was filed in, and the summons issued from the district court which has jurisdiction over such matters:

R.R.S. 1943, § 42-312 (1968 Reissue) Divorce or Annulment; Maintenance and custody of children; revision of decree.

"If the circumstances of the parties shall change, or it shall be in the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent, revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

Then, pursuant to the provisions of the following statute, the case was transferred to the separate juvenile court

for disposition (the same procedure as was followed at the 1965 custody hearing):

"A juvenile court created in a separate juvenile court judicial district shall have and exercise jurisdiction within such juvenile court judicial district with the district court in all matters arising under the provisions of Chapter 42, article 3 [the divorce statute] where the care, support, custody or control of minor children under the age of eighteen is involved. Such cases shall be filed in the district court and may with the consent of the juvenile judge be transferred to the docket of the separate juvenile court." R.R.S. 1943, § 43-230 (1968 Reissue)

The mother next alleges that inasmuch as a copy of the petition was not attached to the summons, she was not put on notice as to the nature of the pending proceedings. Although Nebraska law requires that notification of the custody proceeding be given, *Morehouse v. Morehouse*, 159 Neb. 255, 66 N.W.2d 579, there is no requirement that a copy of the petition be served with the summons:

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon." R.R.S. 1943, § 25-501 (1964 Reissue).

▮▮▮▮ Due process of law requires only that the process be reasonably calculated to provide actual notice and an opportunity to be heard. *Milliken v. Meyer*, 311 U.S. 457, 61 Sup. Ct. 339, 85 L.Ed. 278. The summons personally served upon the mother in Denver was reasonably calculated to provide such notice. It advised her that her ex-husband had filed a petition to modify the custody order and that if she failed to appear and answer her ex-husband would "take judgment to modify decree." The mother testified at the habeas corpus hearing that she received the summons and that she knew that she was expected to file an answer by a certain date. She further testified that when she received the summons, she called

her attorney in Nebraska to advise him of the service, and that she solicited his advice.

## II.

■■ The mother contends that inasmuch as she and the children had been residing in Colorado for more than a year at the time of the 1969 custody modification hearing, with the father residing in Kansas at that time, there was no reason or necessity for the Nebraska court to retain jurisdiction. By statute, Nebraska provides that its courts shall retain jurisdiction to make modifications of the original custody order where a change in circumstances of the parties or the best interests of the children so dictate. R.R.S. 1943 § 42-312 (1968 Reissue); *See Morehouse v. Morehouse, supra.* Nebraska is in accord with the majority of the states. "Courts issuing custody decrees ordinarily retain jurisdiction over the case so that new orders can be issued when conditions change." *R. Leflar, American Conflicts Law* 587 (citing cases). The Illinois Supreme Court has stated its law as follows: "The court which entered the decree may change the custody from time to time, as the best interests of the child may require; and the fact that the child has since been removed from the State and beyond the reach of its process does not deprive the court of jurisdiction to exercise such reserved power." *People v. Rone,* 3 Ill. 2d 483, 121 N.E.2d 738; *See also Sharpe v. Sharpe,* 77 Ill. App.2d 295, 222 N.E.2d 340.

## III.

■ Contending that the Denver court was not bound by the Nebraska order, the mother cites *People v. Torrence,* 94 Colo. 47, 27 P.2d 1038. In that case it was said that Colorado courts need not give full faith and credit to custody modification decrees from foreign jurisdictions when there has been no showing that such other state retained jurisdiction, or that the welfare of the children required such change in custody. We have consistently held as a general rule, however, that when, as here, the foreign state properly retained and exercised jurisdiction

over the parties, the award will be recognized here. The two recognized exceptions to this rule are: (1) When the domicile of the child is changed to Colorado, and there have been changes in conditions since the entry of the decree granting custody; and (2) When the right of the state as *parens patriae* is involved in protecting the interests of the child. *Wilson v. Wilson,* 172 Colo. 566, 474 P.2d 789; *Brouwer v. District Court,* 169 Colo. 303, 455 P.2d 207; *Fahrenbruch v. People,* 169 Colo. 70, 453 P.2d 601. *See also Kraudel v. Benner,* 148 Colo. 525, 366 P.2d 667; *Evans v. Evans,* 136 Colo. 6, 314 P.2d 291; *McMillin v. McMillin,* 114 Colo. 247, 158 P.2d 444.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.