## No. 26596

In the Matter of the Application of Jean Nelson on Behalf of Michael John Schweitzer, a Minor v. District Court in and for the Second Judicial District; Honorable Robert T. Kingsley, One of the Judges

(527 P.2d 811)

Decided October 29, 1974.

382

Robert W. Caddes, for petitioner.

Friedman, Bader & Dufty, Michael C. Schaefer, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Jean Nelson, in this original proceeding, seeks relief in the nature of mandamus and prohibition. She alleges (1) that the trial court continued a hearing on her petition for habeas corpus and denied her the statutory right to a hearing within five days, and (2) that the trial court lacks jurisdiction to hear a petition for permanent custody and should be prohibited from determining the custody issue. We grant relief in the nature of mandamus, but deny the writ of prohibition. The rule to show cause is made absolute in part and discharged in part.

I.

Denise and Richard Schweitzer were married in Denver, Colorado in 1971. One child, Michael Schweitzer, who is now two years old, is the issue of their marriage. They obtained a decree of divorce on February 27, 1974, in Oklahoma, where Richard was stationed in the military service.

The decree provided that "it is in the best interests of the child [Michael] that temporary care and custody ... be

placed in Jean Nelson of Bainville, Montana." The court granted liberal visitation privileges to both parents and granted Denise an additional one-week visitation period during the Christmas holidays. Richard was directed to pay the custodian $50 per month for Michael's care and maintenance beginning April 5, 1974.

Jean Nelson took immediate custody of Michael and returned to Montana, where she resides and is domiciled. After the divorce, both Denise and Richard moved to Denver and established Colorado as their respective legal domiciles.

On July 8, 1974, Jean brought Michael to Denver to enable him to visit his mother. Denise, however, refused to relinquish Michael when Jean was prepared to return to Montana. As a result, Jean filed a petition for habeas corpus in the district court, as provided in C.R.S. 1963, 65-1-2. In response, Denise sought to have the trial court determine the issue of Michael's permanent custody. The lower court consolidated both petitions and ordered the case to be continued pending notification to the father.

## II.

The legal issues before us are: (1) Did the trial court correctly continue the habeas corpus proceeding on the ground that the child, Michael, requested the delay? (2) Does the trial court have subject matter jurisdiction, as defined in the Uniform Child Custody Jurisdiction Act, to determine questions relating to Michael's permanent custody?

## III.

The attorneys for the mother argue that the trial court properly continued the hearing on the habeas corpus petition beyond the five-day statutory time limit. C.R.S. 1963, 65-1-3(1). They assert that Michael, in effect, requested the continuance by filing the custody petition through his mother. We disagree.

Although the child is nominally the petitioner in both the habeas corpus and custody cases, the interests represented in the two actions are diametrically opposed. We will not place form over substance by concluding that identical captions on both petitions reflect identical legal interests. Jean Nelson

seeks expeditious enforcement of the custody order, while Denise Schweitzer seeks a determination concerning Michael's permanent custody. A continuance in the habeas corpus proceeding entirely defeats the purpose for which Jean Nelson and Michael pursued that course of action — immediate restoration of the child to his legal custodian. Concomitantly, the continuance fully effectuated Denise's interests, for she was permitted to retain Michael until the father could be located and notified of the pending action.

We remand the case to the trial court with directions that it hear the habeas corpus petition without delay.

## IV.

The second question which we must rule on is whether the trial court has jurisdiction to decide the issues raised in the petition for permanent custody. The standard is set forth in the Uniform Child Custody Jurisdiction Act (Colo. Sess. Laws 1973, ch. 163, 46-6-1 *et seq.*), which must be construed to effectuate its purpose of permitting courts to act in the child's best interest. *Wheeler v. District Court*, 186 Colo. 218, 526 P.2d 658. In pertinent part, Section 46-6-3(1)(c) provides that courts of this state shall be "competent to decide child custody matters . . . if":

"It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with the state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

We hold that the trial court properly applied this law in concluding that it had jurisdiction. Both parents have a significant connection with Colorado. They are both domiciled in this state. The difficult decision is whether Michael has the requisite nexus to give the courts of this state a basis to hear and determine the custody issue. Michael is not domiciled in Colorado, but in Montana, the domicile of his legal custodian. *Cf. Fahrenbruch v. People ex rel. Taber*, 169 Colo. 70, 453 P.2d 601 (1969); *Evans v. Evans*, 136 Colo. 6, 314 P.2d 291 (1957) (dictum). However, that fact alone does

not deprive Colorado of jurisdiction because Michael has other significant contacts and connections with this state.

All of the individuals who have an interest in his future care, well-being and custody were either domiciled in this state or sought to enforce their legal rights by way of habeas corpus or permanent custody petitions in the courts of Colorado.

Finally, sufficient evidence was available in this state from which the trial court could have concluded that the Colorado court could best resolve the issues relating to Michael's future care and training. Both the parents and the maternal and paternal grandparents reside in Colorado.

## V.

Petitioner contends that the trial court does not have jurisdiction because the mother abducted Michael and should not be allowed to utilize the forum convenient to her because of her misconduct.

The Child Custody Jurisdiction Act provides that unclean hands, however, do not deprive the trial court of jurisdiction. Improper retention of the child should affect only the court's decision to exercise its jurisdiction. Colo. Sess. Laws 1973, ch. 163, 46-6-8(2). The paramount consideration must be the best interests of the child, not the wrongdoing of the parent. *Kennedy v. Carman,* 471 S.W.2d 275 (Mo.App. 1971); *Hawkins v. Hawkins,* 504 P.2d 709 (Ore. 1972); Ratner, *Child Custody in a Federal System,* 62 Mich. L. Rev. 795, 814 (1964).

In the case at bar, the trial court exercised its jurisdiction notwithstanding the mother's unclean hands. It did not commit an abuse of discretion in so deciding. *See Searles v. Searles,* 495 S.W.2d 759 (Mo. App. 1973).

## VI.

In the best interests of the child, the hearing in the custody action should be swiftly concluded. The custody hearing may be properly made part of the habeas corpus proceeding, which is considered to be a suit in equity. *New York Foundling Hospital v. Gatti,* 203 U.S. 429, 27 S.Ct. 53, 51 L.Ed. 254 (1906). "[T]he court is by no means limited to

an inquiry into the legal right by which the child is held, but must determine the broad question of what will best serve the child's interest." *Clark, Law of Domestic Relations* 579 (1968); *Fahrenbruch v. People ex rel. Taber, supra; Evans v. Evans, supra.*

We make the rule to show cause absolute as to the petition for mandamus and discharge the rule relating to a writ of prohibition.

MR. JUSTICE DAY, MR. JUSTICE HODGES, and MR. JUSTICE LEE concur.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY, and MR. JUSTICE GROVES dissent.

MR. CHIEF JUSTICE PRINGLE dissenting:

I must respectfully dissent. In my view, the majority emasculates Sec. 46-1-3(1)(c), Colo. Sess. Laws 1973, by its interpretation of that section. The statute requires that *both* the child and the parents have a significant connection with the state before the Colorado court is competent to decide the custody matter. Here, admittedly, the child per se has no conceivable nexus to Colorado. His only significant contact is that his parents live here. But that is already required by the statute as an element separate and apart from the child's nexus. It cannot, of itself, therefore, supply the nexus required of the child.

Further, I do not believe that one can vest jurisdiction in a court by illegally supplying the fact that gives jurisdiction. I would not bend the processes of this judicial system to one who violates a valid order. If I were a judge in another jurisdiction and had before me what the majority hold today is the law in Colorado, I would not permit visitation to Colorado of any child under my jurisdiction.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES authorize me to say that they join in this dissent.