577 P.2d 778 (1978)
In re the CUSTODY OF Curtis Lynn BECHARD.
Wanda L. BECHARD, Petitioner-Appellant,
v.
Phillip C. BECHARD, Respondent-Appellee.
No. 77-745.
Colorado Court of Appeals, Division 1.
March 30, 1978.
Feuer, Flossic & Rich, Bruce Myr Flossic, Denver, for petitioner-appellant.
No appearance for respondent-appellee.
RULAND, Judge.
In an action to obtain modification of the visitation rights granted the natural father, Phillip C. Bechard, to a minor son, appellant, Wanda L. Bechard, appeals from a judgment of the district court dismissing her complaint for lack of subject matter jurisdiction.
Taking the allegations of the complaint as true, Cook v. Denver, 128 Colo. 578, 265 P.2d 700 (1954), we note the following pertinent facts. The parties were married in Englewood, Colorado. Subsequently the couple moved to South Dakota and their son was born there on March 11, 1973. On March 16, 1973, the Circuit Court of South *779 Dakota entered a decree of divorce and awarded custody of the child to Wanda with reasonable visitation rights to Phillip. Wanda returned to Colorado with the child in January, 1976. Phillip returned to Colorado in January, 1977, and is a resident of this state.
In addition to her complaint, Wanda filed exemplified copies of all of the written pleadings, orders, decrees and related documents from the South Dakota divorce proceeding pursuant to § 14-13-116, C.R.S.1973. See also § 14-11-101, C.R.S.1973 (1976 Cum.Supp.)
In granting Phillip's motion to dismiss the complaint, the trial court ruled that it did not have jurisdiction to modify the South Dakota child visitation order. It construed the Colorado Uniform Child Custody Jurisdiction Act, § 14-13-101, C.R.S.1973 et seq., to permit modification of visitation rights only as an adjunct to a custody determination, and no change of custody was being sought by Wanda. We disagree with this interpretation.
In § 14-13-104(1)(b), C.R.S.1973, the Act grants the district court jurisdiction to make a child "custody determination" by modification decree if, inter alia:
"[i]t is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents. . . have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships. . . ."
A "custody determination" is defined as "a court decision . . . providing for the custody of a child, including visitation rights . . . ." § 14-13-103(2), C.R.S.1973 (emphasis added). Thus, a modification of visitation rights is a "custody determination" under the Act. See Smith v. Superior Court, 68 Cal.App.3d 457, 137 Cal.Rptr. 348 (1977). And, where, as here, both parents, and the child have been living in Colorado for over a year, substantial evidence of the child's present and future care must be deemed available. See Nelson v. District Court, 186 Colo. 381, 527 P.2d 811 (1974); Wheeler v. District Court, 186 Colo. 218, 526 P.2d 658 (1974).
Judgment reversed and cause remanded with directions to reinstate the complaint.
SILVERSTEIN, C. J., and VanCISE, JJ., concur.