OPINION OF THE COURT
Loren N. Brown, J.
By order to show cause, dated September 27, 1979, and supporting affidavit, dated September 13, 1979, petitioner moves for an order modifying an order of custody and visitation, dated January 23, 1979. The respondent opposes the motion by affidavit, dated October 13, 1979, contending that this court lacks jurisdiction of this matter and, accordingly, *324 determination of the issue of visitation is being held in abeyance pending the determination of the jurisdictional issue.
Subsequent to the January 23 order of this court, both parties and their child, Rachel, moved from the State, the petitioner going to England with Rachel, and the respondent to Wisconsin. Petitioner’s move was contemplated and considered; respondent’s move was not contemplated and, therefore, not considered. In August of 1979, while Rachel was visiting her father in Saratoga Springs, pursuant to the order, the respondent, without notice, moved to Wisconsin with Rachel, and commenced an action in the Family Court, Oneida County, in that State for a change of custody to him. Apparently, that proceeding had not been terminated when this action was commenced, although the Wisconsin áuthorities directed the return of the child to petitioner.
It is now the respondent’s contention that, based on these facts, this court lacks jurisdiction under section 75-d of the Domestic Relations Law, and that even if the court has jurisdiction, it should refuse to exercise it because of the doctrine of forum non conveniens.
While most of the criteria for jurisdiction under section 75-d are, in fact, inapplicable, the court finds its basis for jurisdiction under subdivision 1 of section 75-d. Pursuant to paragraph (d) of that subdivision, this court has jurisdiction when "(i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), (b), or (c) [of subdivision 1 of section 75-d], or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.” The court finds that under no construction of the statute as applied to these facts can the State of Wisconsin have the jurisdictional prerequisites under subdivision 1 of section 75-d. This court further finds that it must retain jurisdiction to promote the best interests of the child. It is not in the best interests of the child to be the victim of forum shopping with all the uncertainties to which that subjects her. A child must have a stable, secure home and school life without the threat of being wrenched away as the respondent seeks new courts to hear his case.
The respondent further contends that this court lacks juris *325 diction pursuant to section 75-g in that simultaneous proceedings were pending in Wisconsin when this action was brought.
Simultaneous proceedings in other States will bar jurisdiction in this State only if the foreign court exercised jurisdiction substantially in conformity with article 5-A of the Domestic Relations Law, and, specifically, section 75-d. This court has found that the State of Wisconsin did not have jurisdiction in accordance with article 5-A. Accordingly, this court is not deprived of jurisdiction.
If a party could prevent this court from hearing an action merely by the commencement of an action in another State, no matter how unsound the jurisdictional ground, he could effectively thwart a stated purpose of article 5-A, to avoid jurisdictional competition and conflict with courts of other States in matters of child custody. (Domestic Relations Law, § 75-b, subd 1, par [a].)
Finally, the court refuses to decline jurisdiction pursuant to section 75-h as an inconvenient forum. In determining whether this court should decline jurisdiction, the foremost concern must be the best interests of the child (§ 75-h, subd 3), and the best interests of Rachel can be fostered only by the avoidance of forum shopping.
Furthermore, this forum is not as inconvenient as it may appear at first blush. The petitioner is expressly willing to appear before the court so that it may hear the merits of the action and monitor the compliance with its order. In addition, the previous record would clearly reflect that petitioner did not intend to abandon her United States or her New York citizenship; the move to England was only supportive of her present husband’s employment. The traveling expenses incurred by the respondent in defending the action are regrettable, but with the child’s best interests in mind, unavoidable.
Accordingly, the court finds that it has jurisdiction, and a date will be set for a hearing on the merits of the petition.