In re the MARRIAGE OF Elizabeth Ann Spahr NICHOLSON, Appellant,

and

J. Steven Spahr, Appellee.

No. 81CA0613.

Colorado Court of Appeals, Div. III.

May 6, 1982.

H. E. Carleno, P. C., H. E. Carleno, Littleton, for appellant.

Nancy D. Berk, Englewood, for appellee.

STERNBERG, Judge.

In this action arising under the Uniform Child Custody Jurisdiction Act, § 14–13–101, et seq., C.R.S.1973, the mother appeals an order in which the Denver district court held it did not have jurisdiction to enter an order concerning custody of the child, despite the fact that some years earlier the Denver court had entered a dissolution of marriage decree which included provisions about custody. We hold that the Denver district court did have jurisdiction, although it may decline to exercise that jurisdiction, and, therefore, remand the cause for further proceedings.

The father filed a petition in Denver for dissolution of marriage in 1977. Thereafter, the parties entered into a separation agreement under one provision of which the father was given custody of the parties' minor child. Permanent orders incorporating that separation agreement were entered June 9, 1978.

After the entry of the permanent orders, as contemplated in the settlement agreement, the father moved to Oklahoma with the child, and later, the mother also moved to Oklahoma. While the child was visiting with the mother, she left Oklahoma and returned to Colorado with the child.

The father filed a motion for a writ of habeas corpus in the state of Oklahoma. The writ was eventually stricken by the Oklahoma Supreme Court for lack of venue in the proper county. The father then came to Colorado and filed a habeas corpus action in Arapahoe County, where the child and mother were living. On May 30, 1979, that writ was granted.

The following day, June 1, 1979, the father filed a motion to abate temporarily the

mother's visitation rights in the dissolution case in Denver. After a hearing, the court granted this motion on June 22, 1979. On June 29, 1979, the mother moved for a new trial, or in the alternative for relief from the order abating visitation. This motion has not been ruled upon.

A year and a half later, on December 23, 1980, the mother moved, in the Denver dissolution action, for a change of custody. On March 6, 1981, the father moved to dismiss for lack of jurisdiction. On May 1, 1981, the Denver court held that it did not have jurisdiction because Colorado was not the child's "home state" under the Uniform Child Custody Jurisdiction Act. We disagree with the trial court's conclusion that it did not have jurisdiction.

The plain language of the statute requires the holding that the Denver court, as the court that had entered the dissolution decree placing custody with the father, did have jurisdiction. Section 14–13–104(1), C.R.S.1973, provides in pertinent part:

"A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if: (a) This state is the home state of the child at the time of commencement of the proceeding . . . ."

And, § 14–13–103(3), C.R.S.1973, defines "custody proceeding" to include "proceedings in which a custody determination is one of several issues, such as an action for divorce, dissolution of marriage, or separation . . . ." Thus, because the Denver court had entered a dissolution decree, and because custody was one of the issues in that proceeding, the language of the statute requires the holding that the Denver court will always have jurisdiction as to the custody issue, even where, as here, the parties and the child have left this state.

Our holding, however, is not to be interpreted as mandating that the Denver court exercise its jurisdiction. One of the basic purposes of the Uniform Act is stated in § 14–13–102(1)(c), C.R.S.1973, to be to:

"assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state *decline the exercise of jurisdiction* when the child and his family have a closer connection with another state." (emphasis supplied)

Here, the child, and indeed the family, have a closer connection with Oklahoma than Colorado. *See County of Clearwater v. Petrash,* 198 Colo. 231, 598 P.2d 138 (1979). *All* parties were residing in Oklahoma when the mother brought about this controversy by taking the child to Colorado, *see In re Application of Nelson v. District Court,* 186 Colo. 381, 527 P.2d 811 (1974), and the child has resided in Oklahoma with the father since 1979.

Consequently, we reverse the trial court's order and remand the cause to the district court. It shall first rule on the still pending motion for new trial filed on June 29, 1979. Then, it shall determine, based upon the record before it, whether it wishes to decline the exercise of its jurisdiction under § 14–13–108, C.R.S.1973, with respect to the 1980 motion for change of custody.

KIRSHBAUM and TURSI, JJ., concur.