In re the MARRIAGE OF Enid BARDEN, f/k/a Enid Blau, Appellant,

and

Jeffrey M. Blau, Appellee.

No. 82CA0942.

Colorado Court of Appeals,
Div. II.

Sept. 8, 1983.

Rehearing Denied Oct. 6, 1983.

Certiorari Granted March 26, 1984.

David A. Bottger, Grand Junction, for appellant.

Thomas H. Melton, P.C., Thomas H. Melton, Denver, for appellee.

STERNBERG, Judge.

In this appeal, Enid Barden, the mother, argues that the trial court did not have jurisdiction over matters relating to the request of Jeffrey M. Blau, the father, to modify his visitation rights with the minor child of the parties. We affirm.

The marriage of the parties was dissolved by decree entered in Colorado in 1974. There was incorporated therein by reference an agreement giving the mother custody of their daughter and providing for reasonable visitation rights for the father. The mother was given the right to leave this state with the child, and in the event she did so, the father was to have enlarged visitation rights. The agreement also provided that the child be placed in private school at the father's expense. In January 1975, the mother moved to Michigan with the child where they continue to reside. The child has visited the father and other relatives in Colorado approximately twice per year since that time.

The mother filed a motion in Denver District Court in June 1981, seeking to enforce the child support provisions of the decree regarding payment for the child's education at a private school. Because the father felt the mother was interfering with his right to enlarged visitation, he responded with a motion to schedule specified places, dates, and times for visitation. He also requested a clarification or alteration of their agreement regarding private school to require that the mother consult with him on the choice of schools. The mother moved to dismiss his motion on the grounds that under the Uniform Child Custody Jurisdiction Act, § 14-13-101 et seq., C.R.S.1973 (UCCJA), the courts of Colorado no longer had subject matter jurisdiction over issues respecting custody.

With Christmas approaching and the parties having difficulty arranging the child's Christmas visit, the father moved for a forthwith hearing on the visitation issue alone. The trial court granted the motion relating to Christmas visitation.

For reasons not relevant here, the trial court's order regarding a Christmas visit was not complied with. The father, thereupon, requested that the mother be found in contempt of court. The court so found, over her objection that the court lacked jurisdiction to enter either the visitation order or the contempt citation.

On February 17, 1982, a hearing was held on the mother's motion to dismiss. The court denied the motion, concluding that the court had *in personam* jurisdiction by virtue of her presence, and subject matter jurisdiction under the UCCJA because Colorado was the child's home state when the dissolution decree was entered. In addition, the court found that the mother was estopped from challenging the court's jurisdiction because of her filing of motions for payment of the child's tuition. The mother was also enjoined from proceeding in the Michigan courts.

On appeal, the mother argues that the child's absence from the state for over six years divested the courts of Colorado of jurisdiction over child custody matters, and that the contempt citation should be vacated because it was based upon an order entered which had no jurisdiction. We disagree.

We hold that the trial court was correct in holding that this state continued to have jurisdiction under the UCCJA. *In Re Marriage of Nicholson,* 648 P.2d 681 (Colo. App.1982) is determinative. There we stated:

"The plain language of the statute requires the holding that the Denver court, as the court that had entered the dissolution decree placing custody ... did have jurisdiction.

Section 14-13-104(1), C.R.S.1973, provides in pertinent part:

'A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state is the home state of the

child at the time of commencement of the proceeding . . . .'

And, § 14–13–103(3), C.R.S.1973, defines 'custody proceeding' to include 'proceedings in which a custody determination is one of several issues, such as an action for divorce, dissolution of marriage, or separation . . . .' Thus, because the Denver court had entered a dissolution decree, and because custody was one of the issues in that proceeding, the language of the statute requires the holding that the Denver court [has jurisdiction]."

*See also* Bodenheimer, *Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction Under the UCCJA,* 14 *Family Law Quarterly* 203 at 215 (1981), emphasizing that a party's continued residence in a state plus the fact that the prior court record exists in that state constitutes significant connection with the state under the UCCJA.

The mother argues that *Nicholson* was improperly decided and points to authority from other states, *e.g., Siegel v. Siegel,* 84 Ill.2d 212, 49 Ill.Dec. 298, 417 N.E.2d 1312 (1981). In *Siegel* the court held that Illinois had lost jurisdiction over children who had left the state after entry of a dissolution decree and had been residing in California for approximately three years. The *Siegel* court reasoned that the children had lost meaningful contact with the state, despite the fact that they had been born there, had lived there until the mother removed them to California, and that their grandparents and father still lived there. It may be that *Siegel* and other authority urged by the mother are inconsistent with our holding here; however, we cannot ignore the plain meaning of the words used by the General Assembly in §§ 14–13–104(1) and 103(3), C.R.S.1973, as quoted above.

Moreover, there is a strong policy reason to interpret the statute in this way. A holding that Colorado loses jurisdiction over a child who is removed from the state even if the non-custodial parent remains in the state and enjoys visitation rights here could well complicate and protract any initial litigation concerning child custody. Realizing the difficulties of litigation in a foreign jurisdiction, a non-custodial parent would be loath to agree to the removal of a child from Colorado by the custodial parent.

The judgment is affirmed.

PIERCE and SMITH, JJ., concur.