■ In the Matter of ETHEL M. MURRAY-LEE, Appellant, v CLIFTON LEWIS, Respondent.—Order, Family Court, New York County (Sara Schechter, F.C.J.), entered September 11, 1986, which dismissed the mother's petition for custody of her child Nge C. Lewis on the ground that a proceeding was pending in the Virginia courts concerning the custody of the child, unanimously reversed, on the law, and the matter remanded to the Family Court for further proceedings in accordance with this memorandum, without costs.

The subject of these proceedings is the infant Nge C. Lewis who was born August 24, 1980. Since his birth he has resided with his mother, petitioner Ethel Murray-Lee, in New York. The putative father, Clifton Lewis, lives in Norfolk, Virginia. In the summer of 1986, while the boy was on a mutually arranged three-week visit with his father in Virginia, the father commenced a proceeding in the Virginia State courts to obtain custody of the child. In response, the mother commenced this petition in Family Court, New York County, on August 15, 1986. In the petition she alleges that the father refused to return the child to her after the visit, and she requests custody and return of the child. On August 21, 1986, the Virginia court dismissed the father's proceeding. That court noted that the mother had filed the instant proceeding and that jurisdiction properly lies in New York. The Virginia court immediately returned the child to the mother and directed that the child not be removed from New York. The father filed an appeal from this ruling in Virginia, and the record does not indicate the disposition of the appeal.

When the matter came to be heard in the Family Court,

New York County, the hearing Judge perceived that there was a jurisdictional problem because the proceeding in Virginia was commenced earlier. At this time the mother and the putative father were both present in the courtroom, and the child had already been returned to the mother in New York. Nevertheless, the Family Court Judge dismissed the case, pending the ultimate resolution of the Virginia action, and suggested that the mother move in Virginia to dismiss the father's case.

The court erred when it dismissed the case on that basis. The purpose of the Uniform Child Custody Jurisdiction Act (UCCJA; Domestic Relations Law art 5-A) is to avoid jurisdictional competition and promote cooperation with the courts of other States in connection with litigation concerning the custody of a child. The law also seeks to prevent situations, such as here, where children are abducted or otherwise removed in order to obtain custody awards. (Domestic Relations Law § 75-b.)

To achieve those goals, the UCCJA directs that the litigation over custody of a child take place in the State with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training and personal relationships is most readily available. (See, Domestic Relations Law § 75-b [1] [c].) Thus, the UCCJA provides in Domestic Relations Law § 75-g that, generally, a court should not exercise jurisdiction when a proceeding is commenced at an earlier date in another court, the procedure followed here by the Family Court Judge.

However, section 75-g presupposes that the other State, in fact, had jurisdiction when the proceeding was commenced. Dismissal of a case because of simultaneous proceedings in another State is appropriate only if the foreign court has jurisdiction. (Sharp v Aarons, 101 Misc 2d 323.)

Here, none of the jurisdictional prerequisites of Domestic Relations Law § 75-d prevails in Virginia. The mere pendency of the father's appeal of the Virginia court's dismissal should not delay the adjudication of the claim in the "home state" of New York. It is clearly in the best interests of the child that custody be determined promptly and within the jurisdiction with which the child and the family have substantial and significant contacts. If a party may prevent a court from hearing a custody matter merely by commencing an action in another State, no matter how infirm the jurisdictional basis, the purpose of the UCCJA would be frustrated. (Sharp v

*Aarons, supra; see also, Matter of Mebert v Mebert,* 111 Misc 2d 500, 505-508.) The mother here should not be required to assume the burden of returning to Virginia to ensure the final termination of the simultaneous proceeding. In accordance with the UCCJA, the court should have undertaken to communicate with the Virginia courts.

Accordingly, the court should not have dismissed the petition at a time when *all* of the parties were before it and when New York is the only State that has jurisdiction. We remand the case to the Family Court to consult with the Virginia courts in accordance with Domestic Relations Law § 75-g (3) to determine the status of the appeal and then proceed promptly to hear the matter and finally settle the custody of this child. Concur—Kupferman, J. P., Sullivan, Asch and Ellerin, JJ.